UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**CRAIG ALLEN INGRAM,**<br><br>Defendant. | 2:21-CR-20625-TGB<br><br>HON. TERRENCE G. BERG<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (ECF NO. 3)** |

On May 16, 2008, Defendant Craig Allen Ingram pled guilty to conspiracy to distribute more than 50 grams of cocaine base, 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(ii). ECF No. 1-2. On October 10, 2008, the Honorable Robert Holmes Bell in the Western District of Michigan imposed a sentence on Ingram of 240 months to be followed by a mandatory term of supervised release of five years. ECF No. 1-1. Ingram's sentence was later reduced to a term of 180 months. ECF No. 1-2. Ingram was released from the Bureau of Prisons and on October 12, 2021, Ingram was transferred from the Western District of Michigan to this Court for continued supervision. ECF No. 1. Ingram now seeks early termination of supervised release, stating he has submitted to monthly reporting, maintains employment, and has received program certificates. ECF No. 3.

"Supervised release is part of a sentence." *United States v. Krul*, 774 F.3d 371, 374 (6th Cir. 2014). Under 18 U.S.C. § 3583(e)(1), however,

1

the Court may terminate a term of supervised release any time after the expiration of one year of supervised release if the Court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." When making this determination, the Court considers the following sentencing factors: the nature and circumstances of the offense and the history and characteristics of the defendant; the need to afford adequate deterrence; the need to protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment; the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant; any pertinent policy statement issued by the United States Sentencing Commission; the need to avoid unwarranted sentence disparities; and the need to provide restitution to any victims of the offense *See* § 18 U.S.C. § 3583(e) (citing 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)).

As a general matter, "full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005). Thus, "unblemished" post-conviction conduct is not "alone ... sufficient reason to terminate the supervised release" because, if this were the case, "the exception would swallow the rule." *United States v. Medina*, 17 F. Supp.

2

2d 245, 247 (S.D.N.Y. 1998). Usually, early termination of supervised release "will be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it." *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020) (internal quotations and citation omitted).

Here, Ingram has not identified any new or unforeseen circumstances that would warrant early termination of supervised release. Submitting to required monthly reports with his supervising probation officer and maintaining employment are expected. In addition, the Court has consulted with Ingram's supervising Probation Officer who does not recommend early termination at this time. She advised that although Ingram's overall compliance has been satisfactory and he reports as instructed, he has not been in complete compliance. Ingram had a positive urinalysis for marijuana in May 2024, despite his use being addressed in the past. In addition, Ingram's supervision does not terminate until September 23, 2026, and so he still has a significant amount of time left under supervision.

Accordingly, because the Court does not find that the relevant sentencing factors weigh in favor of the relief he seeks, Ingram's Motion for Early Termination of Supervised Release, ECF No. 3, is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 29, 2025         /s/Terrence G. Berg
                                HON. TERRENCE G. BERG
                                UNITED STATES DISTRICT JUDGE

3